**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | | |
|---|---|---|
| Daphne Meadows-Lobue | : | |
| | : | |
| Individually and on behalf of | : | |
| other members of the general | : | |
| public similarly situated, | : | |
| | : | CASE NO. 1:20-cv-640 |
| Plaintiffs, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| Omni Park Health Care, LLC | : | |
| 27801 Euclid Avenue, Suite 600 | : | **JURY DEMAND ENDORSED HEREON** |
| Euclid, Ohio 44132 | : | |
| | : | |
| -and- | : | |
| | : | |
| Medsource Home Health Care, Inc. | : | |
| 27801 Euclid Avenue | : | |
| Euclid, Ohio 44132 | : | |
| | : | |
| -and- | : | |
| | : | |
| Avidity Home Care, Inc. | : | |
| 27801 Euclid Avenue, Suite 300 | : | |
| Euclid, Ohio 44132 | : | |
| | : | |
| -and- | : | |
| | : | |
| United Care Team, Inc. | : | |
| 27801 Euclid Avenue | : | |
| Euclid, Ohio 44132 | : | |
| | : | |
| -and- | : | |
| | : | |
| Terry Maynard, individually | : | |
| 27801 Euclid Avenue | : | |
| Euclid, Ohio 44132 | : | |
| | : | |
| Defendants. | : | |

## <u>PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT</u>

Now comes Plaintiff Daphne Meadows-Lobue (referred to herein as "Named Plaintiff" or "Plaintiff"), individually and on behalf of other members of the general public similarly situated, for her complaint against Omni Park Health Care, LLC ("Omni Park"), Medsource Home Health Care, Inc. ("Medsource"), Avidity Home Care, Inc. ("Avidity"), United Care Team, Inc. ("United Care"), and Terry Maynard ("Maynard") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to O.R.C. 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.  Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.  JURISDICTION AND VENUE

1.  This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.  Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed Plaintiff and others similarly situated in the Northern District of Ohio, a

substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in the Northern District of Ohio.

## II.    PARTIES

4.      All of the preceding paragraphs are realleged as if fully rewritten herein.

5.      The Named Plaintiff, Daphne Meadows-Lobue, is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6.      Plaintiff was jointly employed by all Defendants from approximately 2014 until the present. Plaintiff worked as a home health aide and has at all times been compensated at a hourly rate of pay for all hours worked.

7.      Plaintiff has been an hourly, non-exempt employee of Defendants at all times relevant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

8.      Plaintiff brings this action on her own behalf and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A.**)

9.      Defendant Omni Park is a domestic limited liability company with its principal place of business in the Northern District of Ohio. Defendant Omni Park operates a home care staffing agency of direct care workers for the elderly and/or disabled who need in-home assistance. Defendant Omni Park was incorporated by Defendant Terry Maynard.

10.     Defendant Medsource is a domestic for-profit corporation with its principal place of business in the Northern District of Ohio. Defendant Medsource operates a home care staffing agency of direct care workers for the elderly and/or disabled who are in need of in-home assistance. Defendant Medsource was incorporated by Defendant Terry Maynard.

11. Defendant Avidity is a domestic for-profit corporation with its principal place of business in the Northern District of Ohio. Defendant Avidity operates a home care staffing agency of direct care workers for the elderly and/or disabled who are in need of in-home assistance. Defendant Avidity was incorporated by Defendant Terry Maynard.

12. Defendant United Care is a domestic for-profit corporation with its principal place of business in the Northern District of Ohio. Defendant United Care operates a home care staffing agency of direct care workers for the elderly and/or disabled who are in need of in-home assistance.

13. Defendant Maynard is an individual, a United States Citizen, and a resident of the State of Ohio.

14. Upon information and belief, Defendant Maynard is the founder, owner, operator, officerand/or principal of Omni Park, Medsource, Avidity, and United Care. Maynard was responsible for incorporating Omni Park, Medsource, and Avidity.

15. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

16. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

17. Upon information and belief, Defendants were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

18. During relevant times, Defendants jointly suffered and permitted Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

19.     During relevant times, Maynard has had operational control over significant aspects of the day-to-day functions of Defendant Omni Park, Medsource, Avidity, and United Care, including the day-to-day functions of Plaintiff.

20.     During relevant times, Maynard has had the authority to hire, fire and discipline employees, including Plaintiff.

21.     During relevant times, Maynard has had the authority to set rates and methods of compensation of Plaintiff.

22.     During relevant times, Maynard has had the authority to control the work schedule and employment conditions of Plaintiff.

23.     During relevant times, Maynard has had ultimate authority and control of employment records.

24.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

25.     During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

26.     During relevant times, Defendants shared the services of Plaintiff.

27.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

28.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

29.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

30.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## III.     FACTUAL ALLEGATIONS

31.     Named Plaintiff initially applied for employment with Omni Park. Omni Park is the only Defendant Plaintiff applied to work for.

32.     During her employment with Defendants, Plaintiff has worked as a home health aide. Plaintiff's primary duties have been to provide companionship services, domestic services, home care, and other in-home services.

33.     After the commencement of her employment, Plaintiff was assigned to bill certain clients under different Omni Park, Medsource, Avidity, or United Care.

34.     Although Plaintiff's hours worked for Defendants regularly totaled in excess of 40 in workweeks, she was not paid one and one-half times her regular rate of pay for hours worked over 40.

35.     After the law change and elimination of a previous exemption for home health aides effective January 1, 2015, Defendants have failed to comply and properly pay all overtime wages due to Plaintiff and similarly situated employees. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

36.     Defendants did/do not pay their employees one and one-half times their regular hourly rate for all hours worked over 40 in a workweek because they pay their employees through multiple entities and distribute the hours worked between the entities.

37.     Defendants required Plaintiff and other similarly situated employees to track their time on separate timesheets and to split their compensable hours worked between multiple timesheets and/or time tracking systems.

38.     Defendants failed to properly compensate Plaintiff and other similarly situated employees for all overtime hours worked in excess of forty (40) per week by requiring Plaintiff and other similarly situated employees to divide their total hours worked for Defendants among multiple entities.

39.     Defendants failed to account for the total number of compensable hours and overtime hours Plaintiff and other similarly situated employees worked for Defendants when all time worked for any related entity is considered.

40.     By paying Plaintiff and other similarly situated employees with separate paychecks each pay period and by requiring multiple timesheets and/or time tracking systems for work performed for Defendants, Defendants failed to compensate them for all hours worked in excess of forty (40) per week at one and one-half times Plaintiff's and other similarly situated employees' regular rate of pay.

41.     Defendants additionally failed to compensate Plaintiff and other similarly situated employees for travel time to and from worksites, as well as travel between worksites even though they regularly worked at more than one worksite each workday.

42.     Plaintiff and other similarly situated hourly employees frequently traveled throughout their workdays attending to multiple clients at different locations each workday.

43.     Defendants were aware of the daily travel, but they failed to compensate Plaintiff and other similarly situated employees for their travel time.

44.     As a result of failing to compensate Plaintiff and other similarly situated employees for their travel time, Defendants failed to pay their employees overtime wages for all compensable hours worked.

## IV.     COLLECTIVE AND CLASS ALLEGATIONS

45.     Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of her and all other similarly situated employees of the opt-in class, consisting of:

> All current and former employees of Defendants who worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case, and were not paid one and one-half times their regular rate of pay for hours worked over 40 because (i) Defendants divided their hours worked between multiple entities and paid them on separate paychecks for the same pay periods; and/or (ii) Defendants failed to pay for travel time (the "216(b) Class" or the "216(b) Class Members").

46.     Examples of employees that may be members of the 216(b) Class include, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

47.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' FLSA-violating payroll policies and practices. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

48.     The identity of the putative 216(b) Class Members are known to Defendants and are identifiable through Defendants' payroll records. These individuals may readily be notified of

8

this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

49.     Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former employees of Defendants who worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case, and were not paid one and one-half times their regular rate of pay for hours worked over 40 because (i) Defendants divided their hours worked between multiple entities and paid them on separate paychecks for the same pay periods; and/or (ii) Defendants failed to pay for travel time (the "Rule 23 Class" or the "Rule 23 Class Members").

50.     The Rule 23 Class includes, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

51.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

52.     Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

53.     Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

54.     Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

9

55. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

56. Questions of law and fact are common to the Rule 23 Class.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

10

61.     A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

62.     All of the preceding paragraphs are realleged as if fully rewritten herein.

63.     This claim is brought as part of a collective action by Plaintiff on behalf of herself and the 216(b) Class.

64.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

65.     During the three years preceding the filing of this Complaint, Defendants employed Plaintiff and/or the 216(b) Class Members.

66.     Plaintiff and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

67.     Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in a workweek.

68.     Defendants jointly violated the FLSA with respect to Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at one and one-half times their regular rates of pay for

hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies explained more fully above.

69.     Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

70.     Defendants knew or should have known of the overtime payment requirements of the FLSA, yet Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the 216(b) Collective Members are entitled.

71.     Defendants knowingly, willfully and jointly failed to pay Plaintiff and the 216(b) Class Members the overtime wages they were due.

72.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

73.     As a direct and proximate result of Defendants' joint conduct, Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     This claim is brought under Ohio law.

76.     Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

77.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78.     While jointly employed by Defendants, Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working.

79.     As a result of Defendants' policies, they failed to pay Plaintiff and the Rule 23 Class Members overtime wages.

80.     Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

81.     Defendants' repeated, knowing and joint failure to pay overtime wages to Plaintiff and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Rule 23 Class Members are entitled.

82.     For Defendants' violations of R.C. §4111.03, Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants.

85.     During relevant times, Defendants were entities covered by the OPPA and Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

86.     The OPPA requires that the Defendants jointly pay Plaintiff's and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

87.     During relevant times, Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

88.     Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89.     In violating the OPPA, Defendants acted willfully, jointly, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**FOURTH CAUSE OF ACTION:**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

90.     All of the preceding paragraphs are realleged as if fully rewritten herein.

91.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

14

92.     During times material to this complaint, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

93.     Plaintiff and the Rule 23 Class Members were covered employee entitled to the protection of the Ohio Wage Act.

94.     During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

95.     In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants, jointly and severally, and for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Rule 23 Class under Ohio law;

D.     Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff, the 216(b) Class Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G.      Awarding Plaintiff, the 216(b) Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.      Awarding Plaintiff, the 216(b) Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of Ohio Law;

J.      Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

16

*Attorneys for Plaintiff and those similarly situated*

### **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman